# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROSCOE MARTIN,

        Petitioner,               Case Number: 2:20-CV-11712
                                                   HON. DENISE PAGE HOOD

v.

WILLIS CHAPMAN,

        Respondent.
_____/

## OPINION AND ORDER DENYING MOTION FOR RELEASE FROM CUSTODY/WRIT OF MANDAMUS (ECF NO. 1) AND DISMISSING CASE

Michigan state prisoner Roscoe Martin is confined in the Thumb Correctional Facility, serving sentences of 50 to 76 years for second-degree murder and 7 to 30 years for extortion. On April 30, 2020, he commenced this action by filing a "Motion for Release from Custody/Writ of Mandamus." (ECF No. 1, PageID.1.) For the reasons set forth, the Court will deny the motion and dismiss the case.

Martin's pleading was docketed as a petition for a writ of habeas corpus, but it is clear that he did not intend to file a habeas corpus petition. Instead, he asks the Court to rule upon motions he filed on December 6, 2019, and January 7, 2020. (*Id.* at PageID.3.) Martin attaches two motions to his pleading: (1) Motion for Reconsideration/ Motion to Vacate or Set Aside Conviction and Sentence; and (2)

Motion for Relief from Judgment Under Rule 60(b)/Motion to Vacate or Set Aside Conviction and Sentence/Motion for New Trial/Motion for Bond.  (*Id.* at PageID.7-21.)  Petitioner, however, filed these motions in the United States District Court for the Western District of Michigan, Case No. 1:15-cv-594.  (*Id.* at PageID.1) The Court finds no indication on the Court's docket that Petitioner also filed these motions in the Eastern District.  This Court will not adjudicate motions filed in another district court.  To the extent that Petitioner wishes to inquire about the status of these motions, he may do so by contacting the Western District Court.

Petitioner also seeks a writ of mandamus ordering his release from prison based upon the COVID-19 pandemic and his claim of innocence.  Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. United States District Court, District of Columbia,* 542 U.S. 367, 380 (2004).  Mandamus relief is available only when the petitioner has "no other adequate means to attain the relief he desires," *In re Mechem*, 880F.2d 872, 874 (6th Cir. 1989), and "can show a clear and indisputable right to the relief sought." *United States v. Lanier*, 748 F. App'x 674, 676 (6th Cir. 2018) (citation omitted). "It is well settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought."  *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).  Here, mandamus is not the only means for Petitioner

to attain the relief he desires because he can seek immediate release from custody under 28 U.S.C. § 2254 and can challenge the conditions of his confinement under 42 U.S.C. § 1983. Petitioner also fails to show a "clear and indisputable right" to release from custody. *Lanier*, 748 F. App'x at 676

Accordingly, for the reasons stated, Petitioner's Motion for Release from Custody/Writ of Mandamus (ECF No. 1) is DENIED. The Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) is MOOT. This case is designated as CLOSED on the docket.

                                           s/Denise Page Hood
                                           DENISE PAGE HOOD
                                           CHIEF UNITED STATES DISTRICT JUDGE

Dated: January 26, 2021